UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARC WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 25-1837** |
| **TOM SCHUETZ, et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is Defendant Avis Budget Car Rental, LLC's ("Avis") "Memorandum in Support of the Amount in Controversy" (hereinafter, the "Memorandum").[1] This litigation arises out of Plaintiff Marc Washington's ("Plaintiff") claims for damages following a motor vehicle accident against Defendants Avis Budget Car Rental, LLC and Tom Schuetz (collectively, "Defendants").[2] Plaintiff originally filed this action in state court, but Avis removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] Upon review of the pleadings and the Memorandum this Court has determined that it does not have subject matter jurisdiction over this matter. Accordingly, the Court remands the case to the 23rd Judicial District Court for the Parish of Assumption.

### I. Background

Plaintiff alleges that on or about August 20, 2024, he was traveling Eastbound on LA Highway 182, when a 2024 Volkswagen Jetta, owned by Avis, and operated by Tom Schuetz, traveling Westbound "crossed into [Plaintiff's] lane of travel and collided with the front end of

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 1-3.

[3] *Id.*

1

[his] 2003 Ford F-Series truck."[4] Plaintiff alleges mental and physical injuries,[5] including radiating pain to his neck and back and shooting pain down both of his legs.[6]

On January 14, 2025, Plaintiff filed suit in the 23rd Judicial District Court for the Parish, claiming that Defendant Tom Schuetz was negligent in "[f]ailing to maintain control of his vehicle; [f]ailure to see what should have been seen; [r]eckless and careless operation of a motor vehicle; and [v]iolation of state and municipal statutes, including but not limited to improper lane usage."[7] Plaintiff claims that Avis was negligent in "[a]llowing an individual whom it knew or should have known was not capable of operating its vehicle safely under the prevailing circumstances to do so [and f]ailing to properly and adequately supervise and instruct the driver of its vehicle in the safe, proper, and lawful operation thereof[.]"[8] Plaintiff seeks damages for past, present and future: pain and suffering; medical expenses; loss of enjoyment of life; mental anguish; lost wages; loss of earning capacity; and humiliation, embarrassment and inconvenience.[9] Additionally, Plaintiff seeks damages for property damage and loss of use of his vehicle.[10]

On September 5, 2025, Avis removed this case to federal court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[11] In the Notice of Removal, Avis avers that Plaintiff's

---

[4] *Id.* at 1.

[5] *Id.*

[6] Rec. Doc. 6 at 2.

[7] Rec. Doc. 1-3 at 2.

[8] *Id.* at 2–3.

[9] *Id*. at 2.

[10] *Id.*

[11] Rec. Doc. 1.

2

claims are likely to exceed $75,000.00.[12]  However, on September 10, 2025, this Court ordered Defendant Avis to submit summary-judgment-type evidence regarding the amount in controversy.[13]

In the Memorandum, Avis details the medical treatment that Plaintiff has received.[14] After the accident, on August 20, 2024, Plaintiff visited Ochsner St. Mary Hospital where he reported neck and back pain and was prescribed Flexeril.[15] Next, Plaintiff was treated at Houma-Thibodaux Spine & Rehabilitation from August 27, 2024 through October 28, 2024.[16] There he underwent ten physical therapy sessions after being diagnosed with "radiculopathy (cervical region), sciatica, contracture of muscle, sprain of ligaments to the cervical spine, lumbar spine and thoracic spine[.]"[17] On November 26, 2024, Plaintiff had a lumbar MRI that showed a partial disc desiccation at L4-5 and L5-S1, a disc bulge at L3-4, a disc herniation at L4-5 and L5-S1, facet hypertrophy at L3-4, L4-5 and L5-S1, and fluid was identified at L3-4, L4-5 and L5-S1.[18] On January 6, 2025, Plaintiff began treatment with Dr. Andrew Todd at Southern Orthopaedic Specialists.[19] Dr. Todd noted that Plaintiff is a candidate for a microdiscectomy.[20] On July 1, 2025, Plaintiff underwent an epidural steroid injection.[21]

---

[12] *Id.*

[13] Rec. Doc. 4.

[14] *Id.*

[15] *Id.* at 3.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

### III. Legal Standard

*A.    Removal*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.[22] The removing party bears the burden of demonstrating that federal jurisdiction exists.[23] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[24] Even if the plaintiff does not file a motion to remand, the Court must address the jurisdiction issue *sua sponte* since a "party may neither consent to nor waive federal subject matter jurisdiction."[25] "[S]ubject matter delineations must be policed by the courts on their own initiative."[26] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[27]

*B.    Amount in Controversy*

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[28] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good

---

[22] *See* 28 U.S.C. § 1441(a).

[23] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[24] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[25] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[26] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999)).

[27] 28 U.S.C. § 1447(c).

[28] *See Allen*, 63 F.3d at 1335.

faith."[29] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[30] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[31]

Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[32] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[33] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[34] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[35] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[36] Finally, the jurisdictional facts that support

---

[29] *Id*. (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[30] *Id.*

[31] *Id.*

[32] *See* La. Code Civ. P. art. 893.

[33] *Id.*

[34] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[35] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[36] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[37]

### IV. Analysis

There is no dispute that there is complete diversity.[38] Accordingly, the only issue regarding whether the court has diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[39] "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not facially apparent' that the amount of damages would exceed $75,000."[40]

The Petition alleges that Plaintiff "suffered physical and mental injuries," but it does not provide sufficient facts to determine the severity of the injuries.[41] Without any additional detail, the Court is unable to quantify the potential amount of recovery for any of these categories. In the absence of additional factual assertions regarding the extent or nature of the actual physical injuries

---

[37] *Allen*, F.3d at 1335.

[38] Plaintiff is a citizen of Louisiana. (Rec. Doc. 1) Schuetz is a citizen of Florida (Rec. Doc. 1). Avis is a citizen of Delaware. (Rec. Doc. 1).

[39] *Thomas v. Louis Dreyfus Commodities, L.L.C.*, No. 15-394-SDD-RLB, 2016 U.S. Dist. LEXIS 45309, at *8, (M.D. La. Mar. 11, 2016) *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 44977 (M.D. La. Apr. 1 2016) (citing *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012)).

[40] *Thomas*, 2016 U.S. Dist. LEXIS 45309, at *8 (citing *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (internal citation omitted)).

[41] Rec. Doc. 1-3 at 1.

suffered, the Petition does not provide enough information for the Court to conclude that the amount in controversy is facially apparent.[42]

As the amount in controversy requirement is not facially apparent, the Court now turns to whether Avis has submitted facts in controversy supporting a finding of the jurisdictional minimum. Avis argues that it has met its burden of establishing that the amount in controversy exceeds $75,000 and further, that Louisiana federal courts have found injures similar to Plaintiff's to be sufficient to establish the requisite amount in controversy.

First, even though Avis maintains that Plaintiff's damages exceed the required federal amount, Plaintiff's medical expenses at the time of removal were $19,717.36—well below the $75,000 jurisdictional minimum.[43] In the September 10 Jurisdictional Briefing Order, the Court explained that it was not facially apparent from the Petition nor the Notice of Removal that Plaintiff's injuries exceed $75,000.[44] Neither "provides any information on the total value of damages other than Plaintiff's invoices for $19,717.36 in past medical expenses and alleging that 'Plaintiff was also recommended a microdiscectomy.'"[45] Avis has similarly failed to show that it is facially apparent that Plaintiff's claims are over $75,000 in the Memorandum.

Avis asserts that Plaintiff's medical treatment is ongoing and to date Plaintiff has incurred $23,415.38 in medical expenses.[46] Although Plaintiff may be continuing treatment with his doctor, Avis does not estimate the cost of Plaintiff's ongoing treatment or the cost of potential future treatment. Similarly, even if Plaintiff's medical costs increased, the amount in controversy must

---

[42] *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[43] Rec. Doc. 1 at 4.

[44] Rec. Doc. 4 at 4.

[45] *Id.* at 3 (citing Rec. Doc. 1).

[46] Rec. Doc. 6 at 4.

be determined at the time of removal.

Additionally, Avis has not provided sufficient facts to support a finding of the requisite amount. Avis states twice that Dr. Todd has noted that Plaintiff is a candidate for a microdiscectomy, but it is unclear whether Plaintiff will undergo such treatment.[47] The Fifth Circuit has indicated that future medical expenses are relevant to calculating the amount in controversy.[48] Avis argues that the court in *Thomas v. Louis Dreyfus Commodities, LLC* found that the plaintiff met the amount in controversy, even in the absence of surgical recommendations, due to medical records indicating a diagnoses of herniated or bulging lumbar discs and medical costs totaling $26,637.57.[49]

*Thomas* is distinguishable because in addition to the medical costs, the plaintiff set forth "a total of $29,067.97 in worker's compensation payments [that] had been made on plaintiff's behalf."[50] Therefore, the total of the compensatory damages above of $55,705.54 supported a finding of the jurisdictional minimum due to the likelihood of the plaintiff's continuing damages exceeding the $19,294.46 needed to reach the threshold amount.

In this case, Plaintiff's current compensatory damages are significantly lower than the incurred damages in *Thomas*. Avis has not provided any evidence of monetary damages aside from incurred medical costs, which, as noted above, fail to meet the requisite amount. Even so, Avis has not provided any evidence of the likelihood that Plaintiff will undergo a microdiscectomy nor the projected costs of such a surgery.[51]

---

[47] Rec. Doc. 6 at 3–4.

[48] *See Robinson v. Wal-Mart Stores Tex., L.L.C.*, 561 Fed. App'x 417, n.2 (5th Cir. 2014) (per curiam) (noting that plaintiff's "future medical expenses are relevant to calculating the amount in controversy").

[49] *Thomas*, 2016 U.S. Dist. LEXIS 45309, at *4.

[50] *Id.*

[51] *See Loftin v. Hughes*, 14-1608, 2014 WL 3893313, at *4 (E.D. La. Aug. 7, 2014) (Brown, J.) ("[T]he future

Next, Avis sets out that Plaintiff claims damages for past, present and future pain and suffering; past, present and future lost wages; and property damages in addition to past medical expenses account for the deficit.[52] However, Avis must "do more than show that certain categories of damages could potentially bring the amount in controversy over $75,000…"[53] Courts have remanded cases "in which plaintiffs failed to plead permanent disability or that their injuries required surgery, even when plaintiffs included claims such as lost wages, medical expenses, and past and future mental and physical pain and suffering."[54] "[T]he types of damages alleged by [the plaintiff] generally assist in establishing the amount in controversy require[d] by § 1332, such allegations alone, unaccompanied by pertinent factual detail, 'simply provide[ ] the usual and customary damages set forth by personal injury plaintiffs and do[ ] not provide the Court with any guidance as to the actual monetary amount of damages [the plaintiff has] incurred.'"[55]

The Court notes that Plaintiff alleges lost wages, property damage, and pain and suffering damages.[56] However, Avis has provided no information regarding the amount of Plaintiff's wages, how much income Plaintiff has lost, or the extent of the damage to Plaintiff's vehicle. Furthermore,

---

treatments suggested by Plaintiffs' physicians are only possibilities," and "[d]efendants provide no information regarding the likelihood that any Plaintiff will undergo these possible procedures.").

[52] Rec. Doc. 6 at 4.

[53] *Steed v. Chubb Nat'l Ins. Co.*, No. 15-6511, 2016 U.S. Dist. LEXIS 12739, at *9 (E.D. La. Feb. 2, 2016).

[54] *Buchana v. Wal-Mart Stores, Inc.*, No. 99 2783, 1999 U.S. Dist. LEXIS 18113, 1999 WL 1044336, at *3 (E.D. La. Nov. 17, 1999); *see Loftin*, 2014 U.S. Dist. LEXIS 109809, at *3–4. In *Loftin*, the plaintiffs filed a negligence claim following a motor vehicle accident and claimed property damage, physical pain and suffering, loss of income. On defendants' motion to remand, this Court noted that defendants failed to provide information concerning the plaintiffs hourly wage, how much time the any of the plaintiffs has lost from work, or the extent of damage to the vehicle. For those reasons, this Court held that the defendants failed to show that plaintiffs' damages would more than likely not meet the jurisdictional threshold.

[55] *Gallin v. Tyson Foods, et al.*, No. 18-10134, 2019 U.S. Dist. LEXIS 109043, at *7–8 (E.D. La. June 25, 2019) (alterations in original in part).

[56] Rec. Doc. 1-3 at 2.

9

pain and suffering damages are "inherently speculative and difficult to quantify."[57] For those reasons, Avis has failed to show that the damages listed above would more likely than not meet the jurisdictional threshold.

Avis cites cases from the federal courts of Louisiana to assert that the nature of Plaintiff's injuries establishes the required jurisdictional amount.[58] However, the inquiry into whether a plaintiff's damage reach the jurisdictional threshold is "highly fact-specific … especially when the plaintiff has a herniated disc, among other alleged injuries."[59] Avis's argument that similar injuries have resulted in "$50,000 to $60,000 range of general damages for herniated discs" only suggests "that a general range of damages exists for cases involving similar injuries."[60] Even if the nature of Plaintiff's injury could potentially bring the amount in controversy over $75,000, the Court finds that, in this case, Avis has failed to prove by a preponderance of the evidence that Plaintiff's claim will exceed $75,000.[61] Accordingly,

---

[57] *Griffin v. Winn-Dixie Montgomery*, No. 14-1162, 2014 U.S. Dist. LEXIS 71069, at *8 (E.D. La. May 22, 2014).

[58] Rec. Doc. 6 at 4.

[59] *Gallin*, 2019 U.S. Dist. LEXIS 109043, at *10 (noting that courts have "repeatedly held that unoperated herniated discs do not meet the jurisdictional minimum.").

[60] Rec. Doc. 6 at 4; *Hill v. Alford*, No. 17-15737, 2018 U.S. Dist. LEXIS 21563, at *10 (E.D. La. Feb 9, 2018).

[61] *See Guzman v. State Farm Mut. Auto. Ins. Co.*, No. 08-1440, 2008 U.S. Dist. LEXIS 44018, at *5 (E.D. La. June 2, 2008); *see also Higgins v. Ace Am. Ins. Co.*, No. 24-969, 2024 U.S. Dist. LEXIS 96856 (E.D. La. May 31, 2024); *Moorhouse v. Liberty Cnty. Mut. Ins. Co.*, No. 23-1198, 2023 U.S. Dist. LEXIS 87041 (E.D. La. May 18, 2023); *Williams v. Wal-Mart La., LLC*, No. 16-00191-BAJ-EWD, 2016 U.S. Dist. LEXIS 124925 (M.D. La. Aug. 16, 2016); *Jackson v. Continental Casualty Co.*, No. 06-10938, 2007 WL 782190 (E.D. La. Mar. 12, 2007); *St. Pierre v. Miers*, No. 06-938, 2006 WL 980675 (E.D. La. Apr. 10, 2006).

**IT IS HEREBY ORDERED** that the above-captioned matter is remanded to the 23rd Judicial District Court for the Parish of Assumption.

**NEW ORLEANS, LOUISIANA,** this   23rd   day of October, 2025.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **UNITED STATES DISTRICT JUDGE**